UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. BRUMMETT,<br><br>        Petitioner,<br><br>   v.<br><br>VALENZUELA, Warden,<br><br>        Respondent. | 1:12-cv-00119 MJS HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR UNTIMELINESS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF No. 5.)

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, for multiple counts of lewd and lascivious acts. (See Pet., ECF No. 1.) On April 3, 1998, Petitioner was sentenced to serve a determinate term of thirty six years in prison. (Id.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District which affirmed the judgment. (Id.) The California Supreme Court denied review on July 26, 2000.[1] (Id.)

---

[1] Petitioner stated in his federal petition that the petition for review filed with the California Supreme Court was denied in June 2000. However, according to the California Supreme Court website, the petition was denied on July 26, 2000. Petitioner shall be afforded the later filing date.

According to Petitioner, he filed petitions for habeas corpus review in the California State Courts starting in 2009. (Pet. at 3.) On January 19, 2012[2], Petitioner filed the instant federal petition for writ of habeas corpus in this Court.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst, concluded that a district court may dismiss sua sponte a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 19, 2012, and therefore, it is subject to

---

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. As Petitioner dated his petition on January 19, 2012, the petition shall be considered filed on that date rather than when it was received on January 29, 2012.

the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on July 26, 2000. The state appeal process became final ninety days later, on October 24, 2000, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on October 25, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from October 25, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until January 19, 2012, over ten years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling,

the instant petition is barred by the statute of limitations. Construing Petitioner's pleading liberally, he asserts his claim based on the United States Supreme Court decision in Stogner v. California, 539 U.S. 607, 609 (2003). Even if the Stogner decision served to toll the statute of limitations period under § 2244(d)(1), the statute of limitations period would have commenced on June 26, 2003, the date of the Supreme Court decision. The present petition would therefore still have been filed over seven years after the statute of limitations period expired.

### C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began no later than on June 26, 2003. Accordingly, without tolling, Petitioner had until  June 27, 2004 to file his federal petition. However, Petitioner filed his first state habeas petition in 2009. At that point, the limitations period had elapsed. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). None of Petitioner's state filings serve to toll the statute of limitations

period.

Accordingly, the limitations period began on June 26, 2003 and expired one year later on June 27, 2004. The present petition was filed on January 19, 2012, over seven years after the expiration of the year statute of limitations period. Accordingly, the instant federal petition is untimely.

### D.    Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner asserts that between the period from 2003 and his current appeals, he "thought his attorneys had done their fiduciary duty." (Pet. at 3.) Petitioner's allegations are insufficient to establish equitable tolling based on abandonment of counsel. See Maples v. Thomas, 132 S. Ct. 912, 923-24 (2012). It is not clear from the petition if Petitioner was represented by counsel during the time in question. Petitioner has not provided sufficient facts to establish equitable tolling.

## III.    CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d).

## IV.    ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE why the instant petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). Petitioner is GRANTED thirty (30) days from the date of service of this order to respond.

IT IS SO ORDERED.

Dated:    June 15, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE