UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN L. BRUMMETT, | ) | 1:12-cv-00119 MJS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS |
| | ) | |
| | ) | [Doc. 1] |
| VALENZUELA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF No. 5.)

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, for multiple counts of lewd and lascivious acts. (See Pet., ECF No. 1.) On April 3, 1998, Petitioner was sentenced to serve a determinate term of thirty six years in prison. (Id.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District which affirmed the judgment. (Id.) The

California Supreme Court denied review on July 26, 2000.[1] (Id.)

According to Petitioner, he filed petitions for habeas corpus review in the California State Courts starting in 2009. (Pet. at 3.) On January 19, 2012[2], Petitioner filed the instant federal petition for writ of habeas corpus in this Court.

On June 15, 2012, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely. Specifically, the Court found that the statute of limitations period began on June 26, 2003 and expired one year later on June 27, 2004. As the present petition was filed on January 19, 2012, over seven years after the expiration of the year statute of limitations period, the Court found the Petition untimely. On July 12, 2012, Petitioner filed an opposition to the order to show cause.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst, concluded that a district court may dismiss sua sponte a

---

[1] Petitioner stated in his federal petition that the petition for review filed with the California Supreme Court was denied in June 2000. However, according to the California Supreme Court website, the petition was denied on July 26, 2000. Petitioner shall be afforded the later filing date.

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. As Petitioner dated his petition on January 19, 2012, the petition shall be considered filed on that date rather than when it was received on January 29, 2012.

habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B.   Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 19, 2012, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on July 26, 2000. The state

appeal process became final ninety days later, on October 24, 2000, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on October 25, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from October 25, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until January 19, 2012, over ten years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Construing Petitioner's pleading liberally, he asserts his claim based on the United States Supreme Court decision in Stogner v. California, 539 U.S. 607, 609 (2003). Even if the Stogner decision served to toll the statute of limitations period under § 2244(d)(1), the statute of limitations period would have commenced on June 26, 2003, the date of the Supreme Court decision. The present petition would therefore still have been filed over seven years after the statute of limitations period expired.

**C.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.

189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began no later than on June 26, 2003. Accordingly, without tolling, Petitioner had until June 27, 2004 to file his federal petition. However, Petitioner filed his first state habeas petition in 2009. At that point, the limitations period had elapsed. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). None of Petitioner's state filings serve to toll the statute of limitations period.

Accordingly, the limitations period began on June 26, 2003 and expired one year later on June 27, 2004. The present petition was filed on January 19, 2012, over seven years after the expiration of the year statute of limitations period. Accordingly, the instant federal petition is untimely.

### D. Arguments Presented in Petitioner's Response to the Order to Show Cause

In Petitioner's response to the order to show cause, he does not contend that the petition was timely filed. Instead he raises claims of equitable tolling and actual innocence. The claims are discussed below.

#### 1. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner asserts that between the period from 2003 and his current appeals, he "thought his attorneys had done their fiduciary duty." (Pet. at 3.) Petitioner's allegations are insufficient to establish equitable tolling based on abandonment of counsel. See Maples v. Thomas, 132 S. Ct. 912, 923-24

1  (2012). Here, Petitioner attempts to assert that his counsel abandoned him, and therefore the
2  seven years since his state appeal was filed should be tolled.

3  In California, prisoners are not entitled to counsel to file non-capital collateral appeals.
4  In re Barnett, 31 Cal. 4th 466, 474 (2003). Petitioner has not provided any evidence that he
5  retained counsel during the relevant period. Accordingly, it is unclear how he would be
6  represented during the seven years between filing. Further, Petitioner must prove that he was
7  pursuing his rights diligently. While Petitioner filed claims of misconduct against his attorneys
8  with the California state bar, he provides no evidence that he attempted to file his habeas
9  petition in a diligent fashion. Petitioner has not provided sufficient facts to establish equitable
10 tolling.

11             2.       Actual Innocence as an Exception to the Statute of Limitations

12 The United States Supreme Court has determined that a petitioner whose petition for
13 habeas corpus is procedurally barred may still obtain consideration of the merits of his petition
14 if he can establish his "actual innocence." Specifically, the Supreme Court, in Schlup v. Delo,
15 established an equitable exception to allow review of procedurally defaulted "constitutional
16 claims only if [petitioner] falls within the narrow class of cases . . . implicating a fundamental
17 miscarriage of justice." 513 U.S. 298, 314-315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (citations
18 omitted.) A showing of actual innocence under Schlup is "not itself a constitutional claim, but
19 instead a gateway through which a habeas petitioner must pass to have his otherwise barred
20 constitutional claim considered on the merits." 513 U.S. at 315 (citing Herrera v. Collins, 506
21 U.S. 390, 404 (1993)).

22 This exception, equitable in nature, was created in light of the "concern about the
23 injustice that results from the conviction of an innocent person." Schlup, 513 U.S. at 325. "That
24 concern is reflected, for example, in the 'fundamental value determination of our society that
25 it is far worse to convict an innocent man than to let a guilty man go free.'" Id. (citing In re
26 Winship, 397 U.S. 358, 372 (1970) (Harlan, J., concurring)).

27 "To ensure that the fundamental miscarriage of justice exception would remain 'rare'
28 and would only be applied in the 'extraordinary case,' while at the same time ensuring that the

exception would extend relief to those who were truly deserving," the Supreme Court explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence. Schlup, 513 U.S. at 321. "The Supreme Court did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over." Lee v. Lampert, 653 F.3d at 946 (Kozinski, J., concurring).

The Supreme Court has yet to determine whether the Schulp actual innocence gateway applies to other procedural bars. However the Ninth Circuit in Lee v. Lampert, joined three other circuit courts in holding that the equitable exception also applies to claims barred by AEDPA's statute of limitations. 653 F.3d at 932 ("We hold that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits."). The Ninth Circuit found "[a]bsent evidence of Congress's contrary intent, there is no articulable reason for treating habeas claims barred by the federal statute of limitations differently" than claims involving procedural default. Id. (citing Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005)).

It is presumed "that Congress knew of the exception when it drafted AEDPA, and absent the clearest command, we will not construe the statute to displace that equitable authority." Lee, 653 F.3d at 934 (citing Holland v. Florida, 130 S. Ct. 2549, 2560-61 (2010)). Strong equitable concerns outweigh other interests in allowing claims based on showings of innocence to proceed:

As the [Supreme] Court warned in Holland:

> The importance of the Great Writ, the only writ explicitly protected by the Constitution, along with congressional efforts to harmonize the new statute with prior law, counsels hesitancy before interpreting AEDPA's statutory silence as indicating a congressional intent to close courthouse doors that a strong equitable claim would ordinarily keep open.

Id. at 2562 (internal citation omitted). It is difficult to imagine a stronger equitable claim for keeping open the courthouse doors than one of actual innocence, "the ultimate equity on the prisoner's side." Withrow v. Williams, 507 U.S. 680, 700, 113 S. Ct. 1745, 123 L. Ed. 2d 407 (1993) (O'Connor, J., concurring in part and dissenting in part) (noting that the Supreme Court "continuously has recognized that . . . a sufficient showing of actual innocence" is normally enough, "standing

alone, to outweigh other concerns and justify adjudication of the prisoner's constitutional claim"). Indeed, "the individual interest in avoiding injustice is most compelling in the context of actual innocence." Schlup, 513 U.S. at 324.

Lee, 653 F.3d at 934-935.

Accordingly, if Petitioner can make a showing of actual innocence, that showing may implicate a fundamental miscarriage of justice entitling Petitioner to pass through the Schulp gateway and serve as an equitable exception to the AEDPA statute of limitations. In allowing the equitable exception, the courts have provided guidance regarding the relevant criteria for making a sufficient showing of "actual innocence."

### 3. Credible New Evidence

The Supreme Court has required actual innocence gateway claims to be supported by credible "new reliable evidence . . . not presented at trial." Schlup, 513 U.S. at 324. The Supreme Court enumerated three specific categories of new reliable evidence: "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." Id.

Assessing the reliability of new evidence is a typical fact finding role, requiring credibility determinations and a weighing of the probative force of the new evidence in light of the evidence of guilt adduced at trial. House v. Bell, 547 U.S. 518, 560 (2006) (Roberts, C.J., concurring in part and dissenting in part). The district court must act as a fact finder and determine if the new evidence presented is reliable. Id. at 557 ("As House presented his new evidence, and as the State rebutted it, the District Court observed the witnesses' demeanor, examined physical evidence, and made findings about whether House's new evidence was in fact reliable. This fact finding role is familiar to a district court. 'The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise.'"); Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)).

### 4. Scope of Evidence to be Considered

While Petitioner must present credible new evidence to pass through the Schulp actual innocence gateway, he is not limited to presenting only the new evidence in making a showing of innocence. With respect to an actual innocence gateway inquiry "Schlup makes plain that the habeas court must consider all the evidence, old and new, incriminating and exculpatory,

without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. at 537-538 (citing Schlup, 513 U.S. at 327-328).

### 5. Petitioner's Burden of Proof

As the actual innocence gateway under Schlup is limited to extraordinary cases, a petitioner must overcome a stringent standard of proof to qualify for the equitable exception. "When a petitioner has been 'tried before a jury of his peers, with the full panoply of protections that our Constitution affords criminal defendants,' it is appropriate to apply an 'extraordinarily high' standard of review." Schlup, 513 U.S. at 315-316 (citing Herrera, 506 U.S. at 419, 426 (O'Connor, J., concurring). However, when a petitioner accompanies his claim of innocence with an assertion of constitutional error at trial, his conviction may not be entitled to the same degree of respect as one that is the product of an error-free trial. Id.

If a Petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." Schlup, 513 U.S. at 316. "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In other words, a petitioner must show "that more likely than not any reasonable juror would have reasonable doubt." House, 547 U.S. at 538.

The Supreme Court noted that "[t]he word 'reasonable' in that formulation is not without meaning." Schlup, 513 U.S. at 329. "It must be presumed that a reasonable juror would consider fairly all of the evidence presented. It must also be presumed that such a juror would conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." Id.

"Because a Schlup claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record." House, 547 U.S. at 538 (citing Schlup, 513 U.S. at 330). "If new evidence so requires, this may include consideration of the credibility of the witnesses

presented at trial." Id.

> Based on this total record, the court must make a probabilistic determination about what reasonable, properly instructed jurors would do. The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.

House, 547 U.S. at 538 (internal quotation marks omitted) (citing Schlup, 513 U.S. at 329); Lee, 653 F.3d at 938.

"[T]he Schlup inquiry . . . requires a holistic judgment about 'all the evidence,' and its likely effect on reasonable jurors applying the reasonable-doubt standard." House, 547 U.S. at 539-40 (citing Schlup, 513 U.S. at 328-29). "As a general rule, the inquiry does not turn on discrete findings regarding disputed points of fact, and 'it is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" Id. "Predicting what reasonable jurors would do is not easy. It's much harder than combing the record and picking at the state's case. But it's what Schlup demands." Carriger v. Stewart, 132 F.3d 463, 486 (9th Cir. 1997) (Kozinski, J., dissenting).

### 6. Analysis

Petitioner asserts that he actually innocent as he was convicted of a crime after the relevant statute of limitations had passed in light of Stogner v. California, 539 U.S. 609. (ECF No. 7 at 2-3.) Petitioner's claim must fail.

In order for barred claims to pass through "Schlup's gateway," Petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003).

Here, Petitioner has not offered any new evidence to support his challenge to his convictions to lewd and lascivious acts. Petitioner asserts various grounds as to why he believes he is actually innocent including ineffective assistance of counsel. (ECF No. 7.) Even if Petitioner was convicted after the state statute of limitations had passed, Petitioner has not made any showing that he did not factually commit the crime. Petitioner's conclusory arguments and speculations are not sufficient to satisfy the Schlup standard. See, e.g., Martinez v. Clark, No. CV 09-2031 SGL (RNB), 2009 U.S. Dist. LEXIS 52668, 2009 WL

1788402 at *5 (C.D. Cal. June 23, 2009) (in the few cases habeas petitioners have been able to meet the Schlup standard, the "new evidence" consisted of "credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding the petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner.") As Petitioner has not provided reliable evidence in support of his alleged innocence, he is not entitled to an exception from the statute of limitations.

The Court declines to hold an evidentiary hearing on Petitioner's actual innocence claim because he has failed to demonstrate that he might be able "to muster a plausible factual case meeting the exacting gateway standard established by the Supreme Court in Schlup for overriding a petitioner's clear failure to meet deadlines and requirements for filing a timely petition in federal court." Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002).

Petitioner has not made a sufficient showing of actual innocence under Schlup, and his claims remain barred by the statute of limitations.

## III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d).

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely;

2. All pending motions are denied as MOOT; and

3. The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the

present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: September 14, 2012        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE